# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| In re: | |
| MAHNAZ MANDEHZADEH, | Case No. 11-10776-RGM (Chapter 13) |
| Debtor. | |
| MAHNAZ MANDEHZADEH, | |
| Plaintiff, | |
| vs. | Adv. Proc. No. 12-1150 |
| WELLS FARGO BANK, NATIONAL ASSOCIATION, *et al*, | |
| Defendants. | |
| In re: | |
| JOSE TOMAS GOMEZ, | Case No. 11-15251-RGM (Chapter 13) |
| Debtor. | |
| JOSE TOMAS GOMEZ, | |
| Plaintiff, | |
| vs. | Adv. Proc. No. 12-1296 |
| GREENTREE SERVICING, LLC, *et al*, | |
| Defendants. | |
| In re: | |
| NOBLE MORRIS, | Case No. 12-14813-RGM (Chapter 13) |
| Debtor. | |

| | |
|---|---|
| NOBLE MORRIS, | |
| Plaintiff, | |
| vs. | Adv. Proc. No. 12-1436 |
| PNC BANK NATIONAL ASSOCIATION, | |
| Defendant. | |

**MEMORANDUM OPINION**

Each debtor in these three chapter 13 cases seeks to strip off a wholly unsecured lien of a deed of trust on his or her principal residence. In each case, the property is owned by the debtor and his or her spouse as tenants by the entirety and the spouse has not filed a petition in bankruptcy. They contend that *Alvarez v. HSBC Bank USA, NA (In re Alvarez),* 733 F.3d 136 (4th Cir. 2013) and *In re Hunter,* 284 B.R. 806 (Bankr.E.D.Va. 2002) – which prohibit a lien from being stripped from property held by the debtor as a tenant by the entirety unless both spouses are debtors before the court – are not applicable because the non-filing spouse is not liable on the note secured by the lien. The court disagrees and will deny the requested relief.

A lender generally has two rights with respect to a secured loan, an *in personam* right against the debtor and an *in rem* right against the collateral. *Alvarez,* 733 F.3d at 138; citing *Dewsnup v. Timm,* 502 U.S. 410, 417, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992); *Johnson v. Home State Bank,* 501 U.S. 78, 84, 111 S.Ct. 2150, 115 L.Ed.2d 66 (1991) ("a bankruptcy discharge extinguishes only one mode of enforcing a claim – namely, an action against the debtor *in personam* – while leaving intact another – namely, an action against the debtor *in rem*.").

A creditor's *in personam* and *in rem* rights are treated separately. The *in personam* right is eliminated by a discharge in bankruptcy. *Branigan v. Davis (In re Davis),* 716 F.3d 331, 338 (4th Cir. 2013) ("a bankruptcy discharge alters *in personam* rights, precluding an action against the debtor for personal liability"). A discharge does not affect the *in rem* right. It does not void the lien securing the debt. The lien passes through bankruptcy unaffected by a discharge. *Dewsnup*, 502 U.S. at 418. Conversely, eliminating the lender's *in rem* right – stripping a lender's lien – does not affect the debtor's *in personam* liability. If there was *in personam* liability, the stripped claim becomes an unsecured claim and is entitled to be paid with the other unsecured claims. If otherwise dischargeable, it will be discharged with the other unsecured claims.

The absence of a debtor's *in personam* liability does not affect a lender's *in rem* right. For example, a debtor with no *in personam* obligation to a secured lender may strip the *in rem* lien off the property. In *Branigan*, a chapter 13 debtor's *in personam* liability had been discharged in a prior chapter 7 case. In the subsequent chapter 13 case, he stripped the, now, non-recourse lien from the property. It follows that the presence or absence of *in personam* liability to the lender by the non-filing spouse neither enhances nor detracts from the lender's *in rem* right against the property itself.[1] The presence or absence of *in personam* liability of either the debtor or his spouse does not affect the ability to strip a wholly unsecured lien. *Alvarez* applies and unless both spouses are debtors before the court, the lien may not be stripped in a chapter 13 case.

In *Morris,* the debtor sought to overcome the problem by having the non-filing spouse transfer his interest in the property to the debtor after the case was filed. The critical point in time

---

[1]It does not matter why the non-filing spouse is not liable on the note. In *Morris* and *Mandehzadeh*, the non-filing spouses received a discharge in a prior chapter 7 case. In *Gomez,* the non-filing spouse did not sign the note in the first instance although she signed the deed of trust.

is the filing of the petition. The filing of the petition is when the rights and responsibilities of the debtor, the creditors and the estate are established. For example, in *Alvarez* the Court of Appeals looked to the value of the property when the petition was filed. 733 F.3d at 139. A subsequent conveyance is not retroactive and does not alter the title as it existed on the filing date. If the applicable point in time were later, as *Morris* contends, the court would have to consider the good faith of the parties. If they were seeking to do indirectly what they could not accomplish directly – which appears to be the case here – it is likely that the complaint would be dismissed as having been filed in bad faith. *Branigan,* 716 F.3d at 338; *Phillips v. Krakower,* 46 F.2d 764 (4th Cir.1931).

These cases are controlled by *Alvarez*. The presence or absence of personal liability by the non-filing spouse is not relevant. The complaints will be dismissed.

Alexandria, Virginia
February 4, 2014

/s/ Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

Copy electronically to:

Juan Ever Milanes
Emmett Franklin Robinson
John W. Bevis

Copy mailed to:

Wells Fargo Bank, National Association
Corporation Services Company, Reg'd Agent
Bank of America Center 16th Floor
1111 East Main Street
Richmond, Virginia 23219

Wells Fargo Bank, N.A.
c/o John G. Stumpf, CEO
Chairman & President
420 Montgomery Street
San Francisco, California 94104

Keyvan Motamedi
5567 Cedar Break Drive
Centreville, Virginia 20120

                                      Greentree Servicing, LLC  
                                      345 Saint Peter Street  
                                      Saint Paul, Minnesota 55102

                                      Phillip G. Coble  
                                      2634 Meadow Hall Drive  
                                      Herndon, Virginia 22071

                                      PNC Bank National Association  
                                      One PNC Bank  
                                      249 Fifth Avenue  
                                      Pittsburgh, Pennsylvania 15222-2707

19026